REDMANN, Judge
(dissenting).
This court is in agreement that the trial judge’s judgment is incorrect.
We disagree in that the majority holds we should reverse his rejection of the cause of action sued upon while I believe he was correct in that rejection (but in error in rendering a judgment in quantum meruit where neither the quantum meruit claim nor even the work which might justify it was alleged by the pleadings).
Plaintiff Mrs. Bishop pleaded, as her cause of action, that she borrowed an unspecified amount of money from a bank and executed a $3,950 note to the bank at the request of and as a convenience for defendant, and that defendant agreed to, but did not, pay the note.
The trial judge rejected plaintiff’s demand for reimbursement of the note amount but awarded $3,200 (less a $65.91, unproved credit). His judgment is consistent with the conclusion that he did not believe Mrs. Bishop’s testimony that the money was borrowed at defendant’s request; that he did not believe defendant promised to pay the note.
Yet there was no alternative pleading; There was no claim in contract or quasi contract for the house improvements “in connection with” which the FHA Title I loan was alleged to have been made.
Nor can pleadings be construed to have been amended (C.C.P. art. 1154) by the evidence concerning the house improvements, since that evidence was admissible as relevant to the issue of consideration for the alleged promise to pay Mrs. Bishop’s loan. The evidence at trial showed that the actual proceeds of the loan went to Mrs. Bishop’s corporation, supposedly to pay for improvements to defendant’s house (under a Bishop-Capri contract calling for brick rather than the actual improvements).
Accordingly, when the trial judge concluded Mrs. Bishop did not prove defendant promised to pay the note, the suit should have been dismissed.
Despite the fact that the petition did not even allege that plaintiffs had performed the improvements on which the loan was based, the court mistakenly decided an un-asserted (and naturally unanswered) claim for the value of the actual (other) improvements. The court orally reasoned, “The next question presented is whether or not this improvement has been paid for by Mr. Ducote or if not, what amount is left owing on it or what the value of the im *183 provements are. I cannot accept in total the defendant’s contention * * * that he has paid completely for this improvement by virtue of certain draws or setoffs or deductions from moneys earned by him * * * I’ll fix the value of the improvements on these as per the testimony of the plaintiff at $3,200. I’m going to cast the defendant in judgment in the amount of $3,200 for the value of the improvements placed on the premises * * (Emphasis added.)
In my opinion the trial court compounded its error in deciding a claim never pleaded (and thus never defendant’s obligation to defend against) by granting judgment to plaintiff because defendant did not prove payment of the unasserted claim.[1]
And, as to the asserted claim (which the majority now holds proven), it appears to me that plaintiff did not prove it by one credible witness and other corroborating circumstances, C.C. art. 2277. First, the trial judge apparently did not find Mrs. Bishop credible as to the asserted claim. Second, the fact that some improvements were made for defendant is at best a neutral circumstance in respect to the alleged promise to pay Mrs. Bishop’s loan (based on a contract for improvements not made). It would support a conclusion that some promise to pay some amount was made (because ordinarily work is not done free). But if it supports Mrs. Bishop’s testimony it also supports defendant’s: it does not truly support either as to a specific amount or method of payment. Even such support as it may be said to give to Mrs. Bishop’s testimony is greatly questioned by the circumstance that her contract improvements were not those actually made. Mrs. Bishop’s proof therefore does not meet the corroboration requirement, which is a requirement over and above her credibility as a witness. The whole purpose of that requirement of C.C. art. 2277 is to prohibit claims over $500 from being decided on the exclusive basis of credibility of a single witness. That prohibition has special force in a case like ours, where formerly very close business associates fall out and make accusations against one another.
This suit by plaintiffs should be dismissed, with no prejudice to their quantum meruit claim or to a demand for settlement of account among the parties.

. If, but only if, plaintiff had alleged improvements done for defendant and a promise by defendant to pay their price or value, then defendant would have been obliged to plead and prove payment as an affirmative defense. And his pleading of payment by deduction from his drawing account with plaintiff, and perhaps his then subpoena of that account, would have suggested that plaintiff’s failure to produce the account must be construed unfavorably to plaintiff, not defendant. Then plaintiff’s explanation of non-production would perhaps be properly evaluated as a credibility question (though C.C. art. 2277’s requirement, of other corroboration of the one credible witness, still would pose a serious barrier to plaintiff’s recovery).